UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

SHENG-WEN CHENG,

                              Plaintiff,

          v.

K.BYRD, JAMES A. GIBBS,
THOMAS J. GUBBIOTTI JR,
CHARLES A. PAVLOV,
KIMBERLY A. KODGER,
OFFICERS JOHN DOES, sued in their
individual capacities; and
UNITED STATES OF AMERICA,

                              Defendants.

---

COMPLAINT

JURY TRIAL
DEMANDED

NO.

Hon.

RECEIVED

APR 19 2024

AT 8:30 _____ M
CLERK, U.S. DISTRICT COURT - DNJ

        Plaintiff Sheng-Wen Cheng ("Mr. Cheng"), allege as follows as and
for his Complaint against Defendants K.Byrd, James A. Gibbs, Thomas J.
Gubbiotti Jr, Charles A. Pavlov, Kimberly A. Kodger, Officers John Does
(Names to be Determined), sued in their individual capacities (together
"all Individual Defendants"), and United States of America ("the
government") (all collectively, "all Defendants"):

PRELIMINARY STATEMENT

        1. This action arises out of all Individual Defendants' violation
of Mr. Cheng's Eighth Amendment right, and the government's negligence,
negligent hiring, training, retention, and supervision, and negligent and
intentional infliction of emotional distress, in connection with all
Defendants' failure to protect Mr. Cheng from being assaulted by another

1

prisoner at Federal Correctional Institution Fort Dix ("FCI Fort Dix") of Joint Base MDL, New Jersey.

2. This action also arises out of the government's medical malpractice in the treatment provided to Mr. Cheng after the stabbing incident occured.

3. On April 25, 2022, Mr. Cheng was assaulted and stabbed by other prisoners around 3:00am with a kitchen knife, when he was asleep in his dorm cell of building 5812 at FCI Fort Dix.

4. The stabbing incident occured because of the Asian-Hate and dangerous environment that Mr. Cheng was living in at building 5812, the tendency of prisoners extorting prisoners with fraud charges, and the long history of deliberate indifference toward prisoners' security demonstrated by all Defendants.

5. Because of the stabbing incident, Mr. Cheng has suffered consequences from the physical injuries, and severe emotional distress till present.

6. Nevertheless, the governemnt exacerbated Mr. Cheng's injuries and emotional distress after the stabbing incident occured by providing medical treatment that deviated from standard care, and refused to provide certain medical assistances.

7. Accordingly, Mr. Cheng commences this action to seek declaratory relief that all Defendants failed to protect Mr. Cheng and thus violated his Eighth Amendment right, to seek compensatory and punitive damages against Individual Defendants, and to seek compensatory damages against the government.

## JURISDICTION

8. This Court has jurisdiction under 28U.S.C.1331 and 1346.

9. The sovereign immunity of the government is waived under 28U.S.C.1346, the Federal Tort Claim Act.

10. The Declaratory relief sought is authorized by 28U.S.C.2201 and 2202.

## VENUE

11. Venue is proper under 28U.S.C.1391 (b)(2).

## JURY TRIAL DEMANDED

12. Mr. Cheng demands trial by jury in this action on each and every single count.

## PARTIES

13. Plaintiff Sheng-Wen Cheng, is an individual currently incarcerated at Rochester, Minnesota, but was incarcerated at FCI Fort Dix when the incidents alleged in this Complaint occured.

14. Defendant K.Byrd, is an individual and was the unit manager for building 5812 of FCI Fort Dix when the incidents alleged in this Complaint occured.

15. Defendant James A. Gibbs, is an individual and was the Associate Warden of FCI Fort Dix when the incidents alleged in this Complaint occured.

16. Defendant Charles A. Pavlov, is an individual and was the Associate Warden of FCI Fort Dix when the incidents alleged in this Complaint occured.

17. Defendant Kimberly A. Kodger, is an individual and was the Acting Warden of FCI Fort Dix when the incidents alleged in this Complaint occured.

18. Defendant United States of America, is the federal government that is responsible for the incidents alleged in this Complaint occured.

19. The true names of the Defendants herein as Officers John Does, are unknown to Mr. Cheng who therefore sue such Defendants by unknown names. On information and belief, the Doe Defendants are individuals who failed to protect Mr. Cheng, and who worked or is currently working at FCI Fort Dix over whom this Court has jurisdiction. Mr. Cheng will amend this Complaint once the true names of the Doe Defendants are ascertained.

## FACTS

20. FCI Fort Dix has a long history of prisoner-to-prisoner assaults and stabbings, because of the lack of security measures taken by all Defendants, including but not limited to, lack of locks on cell-doors, lack of security camera in housing units, and lack of rounds made by guards.

4

21. Also, the problem is exacerbated by all Defendants' deliberate indifference toward prisoners' safety. All Defendants were well aware of all the prisoner-to-prisoner assault incidents, but refused to take any action to improve security measures.

22. Specifically, at building 5812 of FCI Fort Dix, where Mr. Cheng was housed at, prisoner-to-prisoner assaults and stabbings were common. Most significant attack among the all, was a prisoner being stabbed by another prisoner in his left eye and thus lost his sight permanently, just a few months before Mr. Cheng's arrival to the building 5812.

23. Nevertheless, despite this serious incident, no security measures were imposed by all Defendants. Thus, prisoner-to-prisoner assaults and stabbings continued to be rampant at building 5812 after Mr. Cheng's arrival.

24. Since the arrival to building 5812 in November of 2022, Mr. Cheng continuously received racist and disparaging comments from other prisoners because Mr. Cheng is Asian. Also, once other prisoners discovered that Mr. Cheng was convicted on fraud charges, numerous extortion attempts were made by other prisoners to Mr. Cheng.

25. All Defendants knew that Mr. Cheng was vulnerable to such assault and extortion, because Mr. Cheng was already once a victim of such extortion and Asian-hate assault when Mr. Cheng first arrived at FCI Fort Dix during the quarantine with other prisoners in October of 2022.

26. However, all Defendants did not take any action to address the general risk of harms at building 5812., nor did they take any specific action to protect Mr. Cheng. Therefore, the ignorance and deliberate

5

indifference by all Defendants led to Mr. Cheng's stabbing incident on April 25, 2022, just 5 months after Mr. Cheng's arrival to building 5812.

## COUNT I

### EIGHTH AMENDMENT FAILURE TO PROTECT

(Against All Individual Defendants)

27. Incorporate paragraphs 1 to 26.

28. As described above, all Individual Defendants knew the general risks of prisoner-to-prisoner assault at building 5812 of FCI Fort Dix.

29. Also, as described above, all Individual Defendants knew the specific risks that Mr. Cheng faced due to his Asian ethnicity and fraud charges.

30. Nevertheless, all Individual Defendants demonstrated deliberate indifference to these risks by not taking any security measure improvements either generally or specifically for Mr. Cheng.

31. Therefore, because of all Individual Defendants' deliberate indifference, Mr. Cheng became a victim of prisoner-to-prisoner stabbing incident, and thus has suffered consequences from physical injuries and emotional distress till present.

32. Accordingly, because of all Individual Defendants' failure to protect, Mr. Cheng's Eighth Amendemnt right is violated.

## COUNT II

## NEGLIGENCE

(Against The Government)

33. Incorporate paragraphs 1 to 26.

34. The government has a duty of care to protect Mr. Cheng, under the Eighth Amendment to the U.S. Constitution, and 18U.S.C.4042(a)(3).

35. Nevertheless, the government breached that duty to protect, by failing to address the general risks of prisoner-to-prisoner assaults at FCI Fort Dix, especially building 5812.

36. Also, the government breached that duty to protect, by failing to take any action to protect Mr. Cheng, despite knowing Mr. Cheng was vulnerable to any assults by other prisoners.

37. Therefore, because of the government's breach of its duty to protect Mr. Cheng, Mr. Cheng fell victim to the prisoner-to-prisoner stabbing incident on April 25, 2022, and thus suffered injuries on his head, face, neck, chest, arms, hands, back, and legs.

38. Mr. Cheng also has suffered extreme emotional distress till present from the stabbing incident and the physical injuries.

7

## COUNT III

### NEGLIGENT HIRING AND RETENTION

(Against The Government)

39. Incorporate paragraphs 1 to 26.

40. On information and belief, the government knew that all Individual Defendants has a negative view toward prisoners, has no regards to prisoner security risks, has a bad working record and resume, and has negative perspective towards Asian and prisoners with fraud charges, when it interviewed them, but still decided to hire them.

41. Furthermore, despite the government knew that FCI Fort Dix continued to suffer prisoner-to-prisoner assaults after the hiring of all Individual Defendants, it still chose to retain all Individual Defendants with their jobs.

42. All Individual Defendants' poor track record at FCI Fort Dix and other prisons, and their negative attitude toward prisoners and their safety, clearly demonstrated their unfitness for their jobs to provide prison security at FCI Fort Dix.

42. Accordingly, it is because of the government's negligent hiring and retention of all Individual Defendants that Mr. Cheng's stabbing incident at FCI Fort Dix occured.

## COUNT IV

### NEGLIGENT SUPERVISION AND TRAINING

(Against The Government)

44. Incorporate paragraphs 1 to 26.

45. After the hiring of all Individual Defendants, FCI Fort Dix continued to suffer numerous prisoner-to-prisoner assaults.

46. The governemnt knew that its failure to supervise and to train all Individual Defendants would put all prisoners' (at FCI Fort Dix) life and safety in danger, but chose not to act.

47. Also, the government knew that its failure to supervise and to train all Individual Defendants would put Mr. Cheng's life and safety in danger, but chose not to act.

48. Accordingly, it is because of the governemnt's negligent supervision and training that Mr. Cheng's stabbing incident at FCI Fort Dix occured.

## COUNT V

### NEGLIGENT AND INTENTIONAL INFLICTION

### OF EMOTIONAL DISTRESS

(Against The Government)

49. Incorporate paragraphs 1 to 26.

50. The government has a duty of care to protect Mr. Cheng under the Eighth Amendment to the U.S. Constitution and 18U.S.C.4042(a)(3).

9

51. Nevertheless, the government negligently and intentionally breached that duty to protect, by deliberating failing to address the general risks of prisoner-to-prisoner assaults at FCI Fort Dix, especially building 5812, despite numerous prisoner assaults had occured repeatedly.

52. Also, the government negligently and intentionally breached that duty to protect, by deliberating failing to take any actions to protect Mr. Cheng, and letting Mr. Cheng to survive on his own, despite knowing Mr. Cheng was vulnerable to prisoner-to-prisoner assaults.

53. Therefore, because of the government's negligent and intentional breach of its duty to protect, Mr. Cheng was stabbed multiple times by other prisoners on April 25, 2022, in the middle of the night while asleep, and suffered multiple injuries on his head, face, neck, chest, arms, hands, back, and legs.

54. The stabbing incident itself and the scars caused by the incident degrades Mr. Cheng's self-esteem and increases Mr. Cheng's humiliation.

55. Mr. Cheng has also suffered nightmares, cold sweats, anger, embarrassments, lost of sleep, and lost of trust till present.

56. These emotional distress have exacerbated Mr. Cheng's existing depression and Post-Traumatic Stress Disorder ("PTSD").

57. Therefore, the governemnt's negligent and intentional breach of its duty to protect Mr. Cheng was extreme and outrageous.

10

58. Accordingly, Mr. Cheng has suffered extreme emotional distress till present because of the governemnt's negligent and intentional breach of its duty to protect Mr. Cheng from the occuring of April 25, 2022 stabbing incident.

## COUNT VI

### MEDICAL MALPRACTICE

(Against The Government)

59. Incorporate paragraphs 1 to 26.

60. After the stabbing incident occured, Mr. Cheng was sent to an outside hospital for stiches on his head wounds.

61. The stiches supposed to be removed within 10 days and with proper equipments.

62. However, Physical Assistant ("PA") Chigozie Ibe of FCI Fort Dix removed Mr. Cheng's stiches beyond the 10 days requirements and removed them with his bare hands.

63. Because of PA Ibe's action, Mr. Cheng's head wounds were bleeding again and the scar expanded it accordingly.

64. Furthermore, a cat-scan was supposed to be conduct after any head injuries; nevertheless, PA Ibe refused to conduct one for Mr. Cheng.

65. Also, when a person coughed blood, any medical professional would examine the person's body by at least conducting an X-Ray.

11

66. However, when Mr. Cheng was coughing blood when housed at the Special Housing Unit ("SHU") of FCI Fort Dix, PA Ibe refused to take any examination at all.

67. Moreover, whenever a disease is diagnosed, any medical professional would inform the person about the disease and provide treatment accordingly.

68. Nevertheless, it took PA Ibe 2 months to inform Mr. Cheng that he has arthiritius in his back -caused by the stabbing incident- and refused to provide any treatment.

69. Most importantly, any medical professional would provide healthy and clean water or food for a person.

70. Nonetheless, PA Ibe refused to provide any clean water to Mr. Cheng, despite he knew the drinking water at SHU of FCI Fort Dix is contaminated with chemicals such as PFOA and PFOS.

71. Accordingly, because of PA Ibe's deviation from standard of care (mostly just refused to provide any care), Mr. Cheng has suffered long-term brain and organ damages, and emotional distress that exacerbates Mr. Cheng's existing depression and PTSD.

<u>PRAYER</u>


WHEREFORE, Mr. Cheng respectfully prays that this Court will:

    a) Declare that all Defendants failed to protect Mr. Cheng and thus violated his Eighth Amendment right;

12

b) award compensatory damages against all Defendants, in an amount to be determined by the jury;

c) award punitive damages against all Individual Defendants, in an amount to be determined by the jury;

d) award the cost of this suit;

e) award attorneys' fees; and

f) award any other relief that this Court deems to be equitable, just, and proper.

I declare under the penalty of perjury that the allegations above are true to the best of my knowledge.

Dated: Rochester, Minnesota
       April 14 , 2024

Respectfully Submitted,

Sheng-Wen Cheng (Pro Se)
No. 05261-509
Federal Medical Center
PMB 4000
Rochester, MN, 55903

13

All Individual Defendants' Address:

    5756 Pointville Rd
    Fort Dix, NJ, 08640

U.S. Attorney Office for the District of New Jersey Address:

    401 Market Street
    P.O. Box 2098
    Camden, NJ, 08101

Attorney General Office of the United States Address:

    950 Pennsylvania Avenue
    Washington D.C., 20530

RECEIVED

APR 19 2024

AT 8.30
CLERK, U.S. DISTRICT COURT - DNJ