UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHENG-WEN CHENG, <br><br> Plaintiff, <br><br> v. <br><br> K. BYRD, et al., <br><br> Defendants. | Civil Action <br> No. 24-5345 (CPO) (AMD) <br><br> **OPINION** |

**O'HEARN, District Judge.**

Before the Court is Plaintiff's Complaint, raising claims pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.* (ECF No. 1.) The Court attempted to screen the Complaint pursuant to 28 U.S.C. § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. The Court finds that Plaintiff must address various deficiencies within the Complaint before the Court can complete its screening process. For the following reasons, the Court will dismiss the claims against the individual Defendants without prejudice and direct Plaintiff to submit a proposed amended complaint that addresses the issues discussed below.

**A. Standard of Review**

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a

formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678. Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In addition to these pleading rules, a complaint must satisfy Federal Rule of Civil Procedure 8(a), which states that a complaint must contain:

> (a) A pleading that states a claim for relief must contain[:] (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a 'short and plain' statement of a cause of action." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019). Stated differently, Rule 8 requires a showing that the plaintiff is entitled to relief in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

### B. Group Pleading

The Court finds that Plaintiff's claims against the individual Defendants fail to comply with Federal Rule of Civil Procedure 8. As discussed above, Rule 8 requires a complaint to be simple, concise, direct, and set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The primary flaw in the Complaint is that it often alleges that all of the Defendants acted in unison, without delineating the actions of each Defendant, or explaining under what circumstances they acted or failed to act. (ECF No. 1, ¶¶ 1–7, 21–48.)

These types of allegations are known as improper group pleading. Mere "conclusory allegations against defendants as a group" that fail "to allege the personal involvement of any defendant." *E.g.*, *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015). Instead, a plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged." *Id.* A plaintiff cannot refer to all defendants, "who occupied different positions and presumably had distinct roles in the alleged misconduct" without specifying "*which* defendants engaged in what wrongful conduct." *Falat v. County of Hunterdon*, No. 12-6804, 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013) (emphasis in original).

Group pleading fails to comply with Rule 8 because it does not provide each defendant fair notice of the claims against them and the grounds upon which they rest. *JD Glob. Sales, Inc. v. Jem D Int'l Partners, LP*, No. 21-19943, 2023 WL 4558885, at *7 (D.N.J. July 17, 2023) (collecting cases); *see also, e.g., ATR Paper Inc. v. Bangkit (U.S.A.), Inc.*, No. 23-12696, 2024 WL 3518119, at *4 (D.N.J. July 24, 2024) (collecting cases); *Palmer v. United States*, No. 21-11721, 2022 WL 310208, at *6 (D.N.J. Feb. 1, 2022) ("Without knowing exactly what wrongful conduct they are alleged to have engaged in, the individuals Defendants have not been given fair notice of

3

the allegations against them."). Consequently, a complaint that contains improper group pleading is subject to dismissal. *ATR Paper*, 2024 WL 3518119, at *4 ("Courts routinely dismiss complaints for improper group pleading."); *JD Glob. Sales*, 2023 WL 4558885, at *7 (collecting cases).

In the present case, throughout the Complaint, Plaintiff alleges that all of the Defendants performed nearly all of the factual allegations, without identifying the acts of any particular Defendant. (ECF No. 1, ¶¶ 1–7, 21–48.) The Defendants were employed in different positions at Federal Correctional Institution Fort Dix, and presumably had different roles, responsibilities, and involvement in Plaintiff's claims. (*See Id. ¶¶* 14-17.)

For example, Plaintiff alleges that "[a]ll Defendants knew that Mr. Cheng was vulnerable to . . . assault and extortion," but fails to allege *how* each Defendant became *personally aware* of his circumstances. (*See id*. ¶ 25.) Similarly, Plaintiff alleges that "[a]ll Defendants . . . refused to take any action to improve security measures," but fails to allege the context of those refusals as to any particular Defendant. (*See id*. ¶ 21.) Stated differently, Plaintiff fails to allege what particular actions should have been taken to protect Plaintiff and fails to allege which Defendant he believes was responsible for any particular action. (*See id*.) As the Complaint does not delineate the actions of any specific Defendant, each Defendant would be unable to reliably decipher the true scope of the claims against him or her.

Accordingly, Plaintiff's claims against the individual Defendants fail to simply allege what his claims are against each Defendant and fail to provide fair notice of the grounds on which he intends to support those claims. Fed. R. Civ. P. 8. In other words, the Complaint "would not provide any meaningful opportunity for the Defendants to decipher or answer the vague allegations levied against them." *Koehler*, 2019 WL 1231679, at *3; *see Twombly*, 550 U.S. at 555.

Accordingly, the Court will dismiss without prejudice Plaintiff's claims against the individual Defendants for failure to comply with Rule 8.

The Court will give Plaintiff an opportunity to submit a proposed amended complaint that cures the deficiencies discussed above. In particular, Plaintiff *must* include a separate section for each individual Defendant, detailing the specific factual allegations and legal claims against that individual Defendant only. He must do this for each Defendant. For example:

1. Defendant John Doe #1

    a. All factual allegations as to only John Doe #1.

    b. First legal allegation as to only John Doe #1.

2. Defendant John Doe #2

    a. All factual allegations as to only John Doe #2.

    b. First legal allegation as to only John Doe #2.

Plaintiff must ensure that his proposed amended complaint does not contain group pleading allegations. If Plaintiff continues to include group pleading allegations, the Court will dismiss those allegations.

Additionally, Plaintiff may not have been aware, but he cannot rely *solely on legal conclusions*; the complaint must allege "sufficient factual matter" to show that the claims are facially plausible. *See Fowler*, 578 F.3d at 210. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) ("a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

### C. Conclusion

For the reasons set forth above, the Court will dismiss without prejudice Plaintiff's claims against the individual Defendants for failure to comply with Rule 8. Plaintiff shall have sixty days to file a proposed amended complaint in accordance with this Opinion. An appropriate Order follows.

Dated: August 20, 2024

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**