UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SHENG-WEN CHENG,

                               Plaintiff,

      vs.

K. BYRD, JAMES A. GIBBS,
THOMAS J. GUBBIOTTI JR.,
CHARLES A. PAVLOV,
KIMBERLEY A. KODGER,
OFFICERS JOHN DOES, sued in their
individual capacities; and
UNITED STATES OF AMERICA,

                          Defendant.

AMENDED
COMPLAINT



JURY TRIAL
DEMANDED

NO.24-cv-5345-CPO-AMD

HON. CHRISTINE P. O'HEARN

Plaintiff Sheng-Wen Cheng ("Mr. Cheng"), allege as follows as and for his Amended Complaint against Defendants K.Byrd ("Byrd"), James A. Gibbs ("Gibbs"), Thomas J. Gubbiotti Jr ("Gubbiotti"), Charles A. Pavlov ("Pavlov"), Kimberley A. Kodger ("Kodger"), officers John Does (Names to be determined), sued in their individual capacities, and United States of America ("the government") (all collectively, "all Defendants").

PRELIMINARY STATEMENT

1. This action arises out of all Individual Defendants' violation of Mr. Cheng's Eighth Amendment right, and the government's negligence, negligent hiring, training, retention, and supervision, and negligent and intentional infliction of emotional distress, in connection with all Defendants' failure to protect Mr. Cheng from being assaulted by another

1

prisoner at Federal Correctional Institution Fort Dix ("FCI Fort Dix") of Joint Base MDL, New Jersey.

2. This action also arises out of the government's medical malpractice in the treatment provided to Mr. Cheng after the stabbing incident occured.

3. On April 25, 2022, Mr. Cheng was assaulted and stabbed by other prisoners around 3:00am with a kitchen knife, when he was asleep in his dorm cell of building 5812 at FCI Fort Dix.

4. The stabbing incident occured because of the Asian-Hate and dangerous environment that Mr. Cheng was living in at building 5812, the tendency of prisoners extorting prisoners with fraud charges, and the long history of deliberate indifference toward prisoners' security demonstrated by all Defendants.

5. Because of the stabbing incident, Mr. Cheng has suffered consequences from the physical injuries, and severe emotional distress till present.

6. Nevertheless, the governemnt exacerbated Mr. Cheng's injuries and emotional distress after the stabbing incident occured by providing medical treatment that deviated from standard care, and refused to provide certain medical assistances.

7. Accordingly, Mr. Cheng commences this action to seek declaratory relief that all Defendants failed to protect Mr. Cheng and thus violated his Eighth Amendment right, to seek compensatory and punitive damages against Individual Defendants, and to seek compensatory damages against the government.

2

JURISDICTION

8. This Court has jurisdiction under 28U.S.C.1331 and 1346.

9. The sovereign immunity of the government is waived under 28U.S.C.1346, the Federal Tort Claim Act.

10. The Declaratory relief sought is authorized by 28U.S.C.2201 and 2202.

VENUE

11. Venue is proper under 28U.S.C.1391 (b)(2).

JURY TRIAL DEMANDED

12. Mr. Cheng demands trial by jury in this action on each and every single count.

PARTIES

13. Plaintiff Sheng-Wen Cheng, is an individual currently incarcerated at Rochester, Minnesota, but was incarcerated at FCI Fort Dix when the incidents alleged in this Complaint occured.

14. Defendant K.Byrd, is an individual and was the unit manager for building 5812 of FCI Fort Dix when the incidents alleged in this Complaint occured.

3

15. Defendant James A. Gibbs, is an individual and was the Associate Warden of FCI Fort Dix when the incidents alleged in this Complaint occured.

16. Defendant Charles A. Pavlov, is an individual and was the Associate Warden of FCI Fort Dix when the incidents alleged in this Complaint occured.

17. Defendant Kimberley A. Kodger, is an individual and was the Acting Warden of FCI Fort Dix when the incidents alleged in this Complaint occured.

18. Defendant United States of America, is the federal government that is responsible for the incidents alleged in this Complaint.

19. The true names of the Defendants herein as officers John Does, are unknown to Mr. Cheng who therefore sue such Defendants by unknown names. On information and belief, the Doe Defendants are individuals who also failed to protect Mr. Cheng, and who worked or is currently working at FCI Fort Dix over whom this Court has jurisdiction. Mr. Cheng will amend this Complaint once the true names of the Doe Defendants are ascertained.

## FACTS

20. On April 25, 2022, Mr. Cheng was assaulted and stabbed by another prisoner around 3:00 am with a kitchen knife, when he was asleep in his cell of building 5812 at FCI Fort Dix.

4

21. Specific facts in regards to Defendant K. Byrd:

    a. Being the unit manager of building 5812 of FCI Fort Dix, Byrd was responsible for the safety of all prisoners that were housed at building 5812;

    b. Before the arrival of Mr. Cheng to building 5812, multiple prisoner-to-prisoner assaults were already reported at building 5812;

    c. Most significant attack among the all, was a prisoner from the Dominican Republic being stabbed by another prisoner in his left eye and thus lost his sight permanently;

    d. Nevertheless, despite knowing all those assault incidents, Byrd did not ask for higher level prison officials for the budget to improve any security measure at building 5812 -such as security camera- because he does not care for the safety of any prisoner;

    e. Subsequently, around November 22 of 2021, Mr. Cheng arrived to building 5812. Nevertheless, since the arrival, Mr. Cheng continuosly received racist and disparaging commetns from other prisoners because Mr. Cheng is Asian. Also, once other prisoners discovered that Mr. Cheng was convicted on fraud charges, numerous extortion attempts were made by other prisoners on Mr. Cheng;

    f. Byrd knew that Mr. Cheng was vulnerable to such assault and extortion, because Byrd recieved a report from the Special Investigation Service ("SIS") stating that Mr. Cheng was already was a victim of such extortion and Asian-hate assault when he was in quarantine with other prisoners at FCI Fort Dix around October 15 of 2021; and

    g. Nevertheless, Byrd did not take any specific action to protect Mr. Cheng, and continued to let Mr. Cheng to be housed at building 5812. Thus, Mr. Cheng's stabbing incident occured on April 25, 2022, just five months after Mr. Cheng's arrival to building 5812.

22. Specific facts in regards to Defendant James A. Gibbs:

   a. Being the Associate Warden of FCI Fort Dix, Gibbs was responsible for the safety of all prisoners that were housed at FCI Fort Dix;

   b. Before the arrival of Mr. Cheng to FCI Fort Dix, multiple prisoner-to-prisoner assault were reported at building 5812;

   c. Nevertheless, despite knowing all those assault incidents, Gibbs refused to ask for any budget from the Warden to improve any security measures -such as security camera- at building 5812, because he does not care for the safety of any prisoners;

   d. Subsequently, around October 15 of 2021, Gibbs received a report from SIS stating Mr. Cheng fell victim to Asian-hate assault and extortion when he was in quarantine with other prisoners;

   e. Nevertheless, Gibbs refused to take any action to protect Mr. Cheng, and still authorized Mr. Cheng to be housed at building 5812; despite knowing the high risk of assault and extortion for Mr. Cheng at building 5812; and

   f. Thus, Mr. Cheng was assaulted and stabbed by another prisoner at building 5812 on April 25, 2022, just five months after Mr. Cheng's arrival to building 5812.

23. Specific facts in regards to Defendant Thomas J. Gubbiotti Jr.:

   a. Being the Associate Warden of FCI Fort Dix, Gubbiotti was responsible for the safety of all prisoners that were housed at FCI Fort Dix;

   b. Before the arrival of Mr. Cheng to FCI Fort Dix, multiple prisoner-to-prisoner assault were reported at building 5812;

   c. Nevertheless, despite knowing all those assault incidents, Gubbiotti refused to ask for any budget from the Warden to improve any security measures -such as security camera- at building 5812, because he does not care for the safety of any prisoners;

   d. Subsequently, around October 15, 2021, Gubbiotti received a report from SIS stating Mr. Cheng fell victim to Asian-hate assault and extortion when he was in quaratine with other prisoners;

   e. Nevertheless, Gubbiotti refused to take any action to protect Mr. Cheng, and still authorized Mr. Cheng to be housed at building 5812; despite knowing the high risk of assault and extortion for Mr. Cheng at building 5812; and

6

f. Thus, Mr. Cheng was assaulted and stabbed by another prisoner at building 5812 on April 25, 2022, just five months after Mr. Cheng's arrival to building 5812.

24. Specific facts in regards to Defendant Charles A. Pavlov:

a. Being the Associate Warden of FCI Fort Dix, Pavlov was responsible for the safety of all prisoners that were housed at FCI Fort Dix;

b. Before the arrival of Mr. Cheng to FCI Fort Dix, multiple prisoner-to-prisoner assault were reported at building 5812;

c. Nevertheless, despite knowing all those assault incidents, Pavlov refused to ask for any budget from the Warden to improve any security measures -such as security camera- at building 5812, because he does not care for the safety of any prisoners;

d. Subsequently, around October 15, 2021, Pavlov received a report from SIS stating Mr. Cheng fell victim to Asian-hate assault and extortion when he was in quarantine with other prisoners;

e. Nevertheless, Pavlov refused to take any action to protect Mr. Cheng, and still authorized Mr. Cheng to be housed at building 5812, despite knowing the high risk of assault and extortion for Mr. Cheng at building 5812; and

f. Thus, Mr. Cheng was assaulted and stabbed by another prisoner at building 5812 on April 25, 2022, just five months after Mr. Cheng's arrival to building 5812.

25. Specific facts in regards to Defendant Kimberley A. Kodger:

a. Being the Acting Warden of FCI Fort Dix, Kodger was responsible for the safety of all prisoners that were housed at FCI Fort Dix;

b. Before the arrival of Mr. Cheng to FCI Fort Dix, multiple prisoner-to-prisoner assaults were reported at building 5812;

c. Nevertheless, despite knowing all those assault incidents, Kodger refused to authorize any budget to improve any security measures -such as security camera- at building 5812, because she does not care for the safety of any prisoners;

d. Subsequently, around October 15, 2021, Kodger received a report from SIS stating Mr. Cheng fell victim to Asian-hate assault and extortion when was in quarantine with other prisoners;

7

    e. Nevertheless, Kodger refused to take any action to protect Mr. Cheng, and still authorized Mr. Cheng to be housed at building 5812, despite knowing the high risk of assault and extortion for Mr. Cheng at building 5812; and

    f. Thus, Mr. Cheng was assaulted and stabbed by another prisoner at building 5812 on April 25, 2022, just five months after Mr. Cheng's arrival to building 5812.

26. On information and belief, even after Mr. Cheng's stabbing incident, no security measure improvements have been implemented by any Individual Defendants at building 5812 of FCI Fort Dix.

## COUNT I

### EIGHTH AMENDMENT FAILURE TO PROTECT

(Against All Individual Defendants)

27. Incorporate paragraphs 1 to 26.

28. As described above, all Individual Defendants knew the general risks of priosner-to-prisoner assault at building 5812 of FCI Fort Dix.

29. Also, as described above, all Individual Defendants knew the specific risks that Mr. Cheng faced.

30. Nevertheless, all Individual Defendants demonstrated deliberate indifference to those risks by not taking any security measures either generally or specifically to protect Mr. Cheng.

31. Therefore, because of all Individual Defendants' deliberate indifference, Mr. Cheng became a victim of prisoner-to-prisoner stabbing incident, and suffers physical injuries and emotional distress till now.

32. Accordingly, because of all Individual Defendants' failure to protect, Mr. Cheng's Eighth Amendment right is violated.

8

## COUNT II

### NEGLIGENCE

(Against The Government)

33. Incorporate paragraphs 1 to 26.

34. The government has a duty of care to protect Mr. Cheng, under the Eighth Amendment to the U.S. Constitution, and 18U.S.C.4042(a)(3).

35. Nevertheless, the government breached that duty to protect, by failing to address the general risks of prisoner-to-prisoner assaults at FCI Fort Dix, especially building 5812.

36. Also, the government breached that duty to protect, by failing to take any action to protect Mr. Cheng, despite knowing Mr. Cheng was vulnerable to any assults by other prisoners.

37. Therefore, because of the government's breach of its duty to protect Mr. Cheng, Mr. Cheng fell victim to the prisoner-to-prisoner stabbing incident on April 25, 2022, and thus suffered injuries on his head, face, neck, chest, arms, hands, back, and legs.

38. Mr. Cheng also has suffered extreme emotional distress till present from the stabbing incident and the physical injuries.

9

## COUNT III

### NEGLIGENT HIRING AND RETENTION

(Against The Government)

39. Incorporate paragraphs 1 to 26.

40. On information and belief, the government knew that all Individual Defendants has a negative view toward prisoners, has no regards to prisoner security risks, has a bad working record and resume, and has negative perspective towards Asian and prisoners with fraud charges, when it interviewed them, but still decided to hire them.

41. Furthermore, despite the government knew that FCI Fort Dix continued to suffer prisoner-to-prisoner assaults after the hiring of all Individual Defendants, it still chose to retain all Individual Defendants with their jobs.

42. All Individual Defendants' poor track record at FCI Fort Dix and other prisons, and their negative attitude toward prisoners and their safety, clearly demonstrated their unfitness for their jobs to provide prison security at FCI Fort Dix.

42. Accordingly, it is because of the government's negligent hiring and retention of all Individual Defendants that Mr. Cheng's stabbing incident at FCI Fort Dix occured.

COUNT IV

NEGLIGENT SUPERVISION AND TRAINING

(Against The Government)

44. Incorporate paragraphs 1 to 26.

45. After the hiring of all Individual Defendants, FCI Fort Dix continued to suffer numerous prisoner-to-prisoner assaults.

46. The governemnt knew that its failure to supervise and to train all Individual Defendants would put all prisoners' (at FCI Fort Dix) life and safety in danger, but chose not to act.

47. Also, the government knew that its failure to supervise and to train all Individual Defendants would put Mr. Cheng's life and safety in danger, but chose not to act.

48. Accordingly, it is because of the governemnt's negligent supervision and training that Mr. Cheng's stabbing incident at FCI Fort Dix occured.

COUNT V

NEGLIGENT AND INTENTIONAL INFLICTION

OF EMOTIONAL DISTRESS

(Against The Government)

49. Incorporate paragraphs 1 to 26.

50. The government has a duty of care to protect Mr. Cheng under the Eighth Amendment to the U.S. Constitution and 18U.S.C.4042(a)(3).

11

51. Nevertheless, the government negligently and intentionally breached that duty to protect, by deliberating failing to address the general risks of prisoner-to-prisoner assaults at FCI Fort Dix, especially building 5812, despite numerous prisoner assaults had occured repeatedly.

52. Also, the government negligently and intentionally breached that duty to protect, by deliberating failing to take any actions to protect Mr. Cheng, and letting Mr. Cheng to survive on his own, despite knowing Mr. Cheng was vulnerable to prisoner-to-prisoner assaults.

53. Therefore, because of the government's negligent and intentional breach of its duty to protect, Mr. Cheng was stabbed multiple times by other prisoners on April 25, 2022, in the middle of the night while asleep, and suffered multiple injuries on his head, face, neck, chest, arms, hands, back, and legs.

54. The stabbing incident itself and the scars caused by the incident degrades Mr. Cheng's self-esteem and increases Mr. Cheng's humiliation.

55. Mr. Cheng has also suffered nightmares, cold sweats, anger, embarrassments, lost of sleep, and lost of trust till present.

56. These emotional distress have exacerbated Mr. Cheng's existing depression and Post-Traumatic Stress Disorder ("PTSD").

57. Therefore, the governemnt's negligent and intentional breach of its duty to protect Mr. Cheng was extreme and outrageous.

12

58. Accordingly, Mr. Cheng has suffered extreme emotional distress till present because of the governemnt's negligent and intentional breach of its duty to protect Mr. Cheng from the occuring of April 25, 2022 stabbing incident.

## COUNT VI

### MEDICAL MALPRACTICE

(Against The Government)

59. Incorporate paragraphs 1 to 26.

60. After the stabbing incident occured, Mr. Cheng was sent to an outside hospital for stiches on his head wounds.

61. The stiches supposed to be removed within 10 days and with proper equipments.

62. However, Physical Assistant ("PA") Chigozie Ibe of FCI Fort Dix removed Mr. Cheng's stiches beyond the 10 days requirements and removed them with his bare hands.

63. Because of PA Ibe's action, Mr. Cheng's head wounds were bleeding again and the scar expanded it accordingly.

64. Furthermore, a cat-scan was supposed to be conduct after any head injuries; nevertheless, PA Ibe refused to conduct one for Mr. Cheng.

65. Also, when a person coughed blood, any medical professional would examine the person's body by at least conducting an X-Ray.

66. However, when Mr. Cheng was coughing blood when housed at the Special Housing Unit ("SHU") of FCI Fort Dix, PA Ibe refused to take any examination at all.

67. Moreover, whenever a disease is diagnosed, any medical professional would inform the person about the disease and provide treatment accordingly.

68. Nevertheless, it took PA Ibe 2 months to inform Mr. Cheng that he has arthiritius in his back -caused by the stabbing incident- and refused to provide any treatment.

69. Most importantly, any medical professional would provide healthy and clean water or food for a person.

70. Nonetheless, PA Ibe refused to provide any clean water to Mr. Cheng, despite he knew the drinking water at SHU of FCI Fort Dix is contaminated with chemicals such as PFOA and PFOS.

71. Accordingly, because of PA Ibe's deviation from standard of care (mostly just refused to provide any care), Mr. Cheng has suffered long-term brain and organ damages, and emotional distress that exacerbates Mr. Cheng's existing depression and PTSD.

<u>PRAYER</u>

WHEREFORE, Mr. Cheng respectfully prays that this Court will:

    a) Declare that all Defendants failed to protect Mr. Cheng and thus violated his Eighth Amendment right;

14

b) award compensatory damages against all Defendants, in an amount to be determined by the jury;

c) award punitive damages against all Individual Defendants, in an amount to be determined by the jury;

d) award the cost of this suit;

e) award attorneys' fees; and

f) award any other relief that this Court deems to be equitable, just, and proper.

I declare under the penalty of perjury that the allegations above are true to the best of my knowledge.

Dated: Rochester, Minnesota
       September 12 , 2024

Respectfully Submitted,

Sheng-Wen Cheng (Pro Se)
No. 05261-509
Federal Medical Center
PMB 4000
Rochester, MN, 55903

15

Sheng-Wen Cheng

No. 05261-509

Federal Medical Center

PMB 4000

Rochester, MN, 55903



RECEIVED

SEP 20 2024

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

RECEIVED

SEP 20 2024

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

X-RAYED

Legal Mail

⇨05261-509⇨

Mitchell H Cohen
Bldg & U.S. Courthouse
Rm 1050 Fourth & Cooper Street
Camden, NJ 08101
United States