# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHENG-WEN CHENG, | |
| Plaintiff, | Civil Action<br>No. 24-5345 (CPO) (AMD) |
| v. | |
| K. BYRD, et al., | **OPINION & ORDER** |
| Defendants. | |

**O'HEARN, District Judge.**

Before the Court is Plaintiff's Amended Complaint (hereinafter "Complaint"), raising claims pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq*. (ECF No. 7.) The Court has screened[1] the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. The Court concludes, with the following caveats, that dismissal of the entire Complaint is not warranted at this time and will allow part of the Complaint to proceed.

The Court must address Plaintiff's FTCA claim as it appears that the Complaint does not meet the FTCA's jurisdictional requirements. The "FTCA operates as a limited waiver of the United States's sovereign immunity." *White–Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010) (citation omitted); *see generally Richards v. United States*, 176 F.3d 652, 654 (3d Cir. 1999) (explaining that "[s]overeign immunity not only protects the United States from liability, it

---

[1] The Court will accept as true the factual allegations in the Complaint for the purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

deprives a court of subject matter jurisdiction over claims against the United States"). Under the FTCA, the United States is liable "in the same manner and to the same extent as a private individual," "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §§ 1346(b)(1), 2674; *F.D.I.C. v. Meyer*, 510 U.S. 471, 477–78 (1994).

A plaintiff suing under the FTCA must present the offending agency with notice of the claim and a "sum certain" demand for monetary damages. *See, e.g., White–Squire*, 592 F.3d at 457. "Because the requirements of presentation and a demand for a sum certain are among the terms defining the United States' consent to be sued, they are jurisdictional." *Id*. (cleaned up). Additionally, an agency's final denial of the tort claim is a jurisdictional requirement. *Lightfoot v. United States*, 564 F.3d 625, 627 (3d Cir. 2009). These requirements cannot be waived. *See, e.g.*, *White–Squire*, 592 F.3d at 457; *Hoffenberg v. United States*, No. 10-2788, 2012 WL 379934, at *4 (D.N.J. Feb. 6, 2012). Stated differently, if a plaintiff has not complied with the FTCA's pleading requirements, "a district court has no subject matter jurisdiction over the claim." *D'Allessandro v. United States*, No. 21-5009, 2024 WL 1928374, at *3 (D.N.J. Apr. 30, 2024) (quoting *Hardie v. United States*, 501 F. Supp. 3d 152, 158 (E.D.N.Y. 2020)); *Washington v. Thomas*, No. 16-0992, 2017 WL 36272, at *3 n.3 (D.N.J. Jan. 4, 2017); *Hoffenberg*, 2012 WL 379934, at *4.

Here, the Complaint fails to make any reference to a notice of tort claim, a demand for sum certain, a final denial, or that Plaintiff has otherwise exhausted his FTCA claim. (*See* ECF No. 7, at 1–15.) Accordingly, the Court will dismiss without prejudice Plaintiff's FTCA claim "for failure to sufficiently allege the jurisdictional basis" for his claim. *E.g.*, *D'Allessandro*, 2024 WL 1928374, at *3; *Majerska v. United States*, No. 21-4381, 2021 WL 4739602, at *6 (D.N.J. Oct. 12, 2021); *Hoffenberg*, 2012 WL 379934, at *4. If Plaintiff believes he can meet the FTCA's

jurisdictional requirements, he may file a motion to amend, along with a proposed amended complaint.

The remainder of the Complaint, *i.e.*, the *Bivens* claims against the individual Defendants under Count I, may proceed.[2]  Accordingly,

IT IS, on this 30th day of January 2025,

**ORDERED** that Plaintiff's FTCA claim in Counts II, III, IV, V, and VI, is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction; and it is further

**ORDERED** that the remainder of the Complaint may PROCEED; and it is further

**ORDERED** that the Clerk of the Court shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal 285 Forms; and it is further

**ORDERED** that after Plaintiff sends the completed form(s) to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the Complaint, summons, and this Opinion and Order upon the Defendants pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with a copy of this Opinion and Order via regular U.S. mail.

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**

---

[2] The Court is not expressly or implicitly limiting Defendants' right to assert any potential defenses as they see fit.  Nor is the Court ruling that Plaintiff has established a violation.  Instead, the Court is permitting these claims to go forward beyond screening.